## WALKER v. AMERICAN CENT. INS. CO., ST. LOUIS.

### (Supreme Court, General Term, Fifth Department. January 18, 1893.)

1. FIRE INSURANCE—ACTION ON POLICY—EVIDENCE.

In an action on a fire insurance policy, plaintiff's testimony that the policy in suit was intended as additional insurance, and not as a substitute for an-other policy also in force when the loss occurred, and to take effect only on its expiration, as contended by defendant, was corroborated by an admission by defendant's agent that he urged plaintiff to take out additional insurance, and by the fact of the issuance of the policy in suit, bearing date several weeks before the expiration of the old policy, instead of delivering the usual renewal receipt. *Held* sufficient to support a verdict in plaintiff's favor, though defendant's agent further testified that plaintiff declined to take out additional insurance.

2. SAME—EVIDENCE MADE COMPETENT BY ADVERSE PARTY.

Evidence that, after the policy in suit was issued, plaintiff applied to the agent of another company to write a new policy on the expiration of the old policy issued by defendant, is competent to refute the testimony of defend-ant's agent that plaintiff had applied to him to renew the old policy, and that the policy in suit had been issued pursuant to such application.

Appeal from special term, Livingston county.

Action by William H. Walker against the American Central Insurance Company, St. Louis, on a policy of fire insurance. From a judgment entered on a verdict in plaintiff's favor, and from an order denying de-fendant's motion for a new trial, made on the minutes of the court, de-fendant appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

E. A. Washburn, for appellant.

E. A. Nash, for respondent.

MACOMBER, J. This action was brought to recover upon a policy of fire insurance dated February 1, 1891, running for the period of one year, upon the stock and merchandise owned by the plaintiff in the vil-lage of Caledonia, N. Y. By a fire six days after the issuing of the policy, namely, February 6, 1891, substantially a total destruction of the plaintiff's merchandise ensued, and a consequent loss to the plaintiff of the full amount of this policy, and of other policies of insurance then in force upon the property.

The answer denies the furnishing of proper proofs of loss, but that point was not seriously made upon the trial. The real defense consists of the fourth paragraph of the answer, which is, in substance, that this policy was intended by the plaintiff and the defendant, and its agents, to take the place of another policy, in the like sum of $1,000, then ex-isting between the parties, bearing date the 17th day of February, 1890, and which would expire February 17, 1891. This defense is called in the answer a "counterclaim;" but it is not a counterclaim. It is, rather,

new matter, constituting a defense by way of avoidance, within the meaning of section 516 of the Code of Civil Procedure, and, if established by evidence, would totally defeat the plaintiff's claim. Upon the trial it was shown, in pursuance of this part of the answer, that there had been actually issued by the defendant to the plaintiff a policy bearing date the 17th day of February, 1890, insuring this property for a period of one year in the sum of $1,000. This policy was outstanding at the time of the burning of the plaintiff's property; and the defendant, after examination, sent the amount of it by draft to the plaintiff, acknowledging liability under that policy, but denying any liability under the policy which is made the subject of this action. The question whether this policy in suit was intended as a substitute for the old policy, and was not to take effect until the 17th day of February, 1891, was submitted to the jury by the learned trial justice. A clear preponderance of the evidence was in favor of the conclusion reached by the jury, namely, that it was the purpose of the plaintiff and of the defendant's agent that additional insurance, over and above the $1,000 represented by the old policy, should be issued by the defendant to the plaintiff. Indeed, the defendant's agent, himself, testified that, in the first conversation which he had with the plaintiff upon the subject of the new policy, he advised the latter to take out additional insurance, urging, as a reason for such action, the serious fire and damage sustained by certain merchants in the neighboring village of Churchville a short time before. Although he testified that the plaintiff declined to take out further insurance, yet a preponderance of the evidence, and the circumstances attending the transaction, such as issuing a new policy, instead of delivering the usual renewal receipt, show quite satisfactorily that the plaintiff intended to increase the amount of insurance upon his property. Such increase made by the defendant, together with other outstanding insurance upon the same property, did not in fact exceed the amount for which property of this description is commonly insured.

The plaintiff was permitted by the court to testify to a conversation which he had with the agent of another insurance company, with a view of showing that it was the purpose of the plaintiff, at the time indicated, to write a new policy in the sum of $1,000, to take the place of the policy of the defendant which expired February 17, 1891. The agent with whom this conversation was had was formerly the agent of the defendant, and was the person through whom the old policy was issued. Technically speaking, this evidence probably was not competent, as an original and independent conversation, unconnected with other matters. But the fact that the plaintiff had made an application to another company to take the place of the defendant in the original $1,000 risk, after the policy in suit was agreed upon, was admissible, under the evidence given by the defendant's agent, Mr. Harmon, which was, in substance, that the plaintiff had agreed to permit him, as the agent of the defendant, to renew the old policy. It was, we think, competent for the plaintiff to refute that testimony, and to adduce the circumstances of his application elsewhere in support of such contradiction; for, after all, the question whether the new policy was to take the place of the former pol-

icy was one of intent on the part of the plaintiff and the defendant's agent. Judgment and order appealed from should be affirmed. All concur.